**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PATRICK MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  26-00828 (UNA) |
| | ) | |
| WESTERN PENNSYLVANIA | ) | |
| DISTRICT COURT *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, a resident of Pittsburgh, Pennsylvania, sues the U.S. Court of Appeals for the Third Circuit, the U.S. District Court for the Western District of Pennsylvania, the Allegheny County Jail in Pennsylvania, and the Pittsburgh Police Department.  In the form complaint, Plaintiff lists multiple provisions of the U.S. Constitution and mentions "1984 Sentencing Reform Act 44" as the bases of jurisdiction.  Compl., ECF No. 1 at 3.  Under Statement of Claim, Plaintiff writes "Venango County Sherrifs [sic] and Venango County prison re-offended due to not doing due process in civil law."  *Id*. at 4.  Plaintiff seeks "a preliminary injunction satisfied, 'Released from Venango County Prison Jail'."  *Id*.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule

8(a) requires that a complaint contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Thus, the pleader must allege enough facts to permit a court "to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up). The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). They also assist the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has not alleged a coherent set of facts to "give the defendants fair notice" of the claims. *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016). Furthermore, this district court lacks jurisdiction over any claims brought against its sister court in Pennsylvania, *see Atchison v. U.S. District Courts*, 190 F. Supp. 3d 78, 88 (D.D.C. 2016) (collecting cases), and any claims against the Third Circuit Court of Appeals. *See Sanders v. United States*, 184 F. App'x 13, 14 (D.C. Cir. 2006) (per curiam) ("The district court correctly concluded that it lacked jurisdiction to review decisions of the United States Court of Appeals for the Fourth Circuit."). Therefore, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: April 27, 2026                    United States District Judge

2